# 14-1448-cv

## United States Court of Appeals

*for the*

## Second Circuit

EDWARD LILLY,

*Plaintiff-Appellant,*

– v. –

TOWN OF LEWISTON, LAUREN PASSANESE CAMPBELL,
in her Individual and Official Capacity of a Police Officer in the
Lewiston Police Department, AKA Lauren Campbell,

*Defendants-Appellees.*

———————————————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

## BRIEF FOR PLAINTIFF-APPELLANT

LAW OFFICE OF RICHARD H. WYSSLING, ESQ.
*Attorney for Plaintiff-Appellant*
375 Linwood Avenue
Buffalo, New York 14209
(716) 882-2244

# TABLE OF CONTENTS

TABLE OF AUTHORITIES……………….........................................3

JURISDICTIONAL STATEMENT..............................................5

STATEMENT OF ISSUES PRESENTED FOR REVIEW.........................6

STATEMENT OF THE CASE......................................................6

STATEMENT OF THE FACTS...................................................7

SUMMARY OF THE ARGUMENT............................................11

ARGUMENT - POINT #1 - THE CORRECT ACCRUAL DATE TO
DETERMINE TIMELINESS IS THE DATE WHEN MS. MURPHY
FILED HER ANSWER...............................................................12

ARGUMENT - POINT #2 - THE PLAINTIFF/APPELLANT HAS
STATED A CAUSE OF ACTION................................................16

CONCLUSION.......................................................................19

## TABLE OF AUTHORITIES

FEDERAL CASES ................................................................................ <u>PAGE</u>

*Ashcroft v. Iqual,* 556 U.S. 662 (2009) ........................................................ 18

*Bailey v. Glover,* 88 U.S. 342 @ 347-348 .................................................... 14

*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 @ 555 (2007) ...................... 18

*Bell v. City of Milwaukee,* 746 F.2d 1205 228-234, 7th Cir. 1984 .............. 15

*Bireline v. Seagondollar,* 567 F.2d 260 @ 263 4th Cir. 1977 ...................... 13

*Board of Regents v. Tomanio,* 446 U.S. 478 @ 484-86 .............................. 13

*Conley v. Gibson,* 355 U.S. 41 @ 45-46 (1957) .......................................... 17

*Dory v. Ryan,* 999 F.2d 679 @ 681 2d Cir. 1993 ........................................ 13

*Elkins v. U.S.,* 264 U.S. 206 (1951) .............................................................. 19

*Forbes v. Eagleson,* 228 F.3d 471 @ 486 3d Cir. 2000 .............................. 14

*Gram v. City of Philadelphia,* 402 F.3d 139 (3d Cir. 2005) ........................ 19

*Harrison v. Nashville Trust Company,* 128 Ten. 573 .................................. 19

*Holmberg v. Armbrecht,* 327 U.S. 392 @ 396-397 ...................................... 14

*Jenkins v. McKeithen,* 395 U.S. 411, 421 (1969) ........................................ 17

*Keating v. Carey,* 706 F.2d 377 @ 382 ....................................................... 14

*Keyser Aluminum & Chemical Sales v. Avondale Shipyards,* 677 F.2d 1045, 1050 (5th Cir. 1982) ............................................................................ 17

*Miller v. International Telephone and Telegraph Corporation,* 755 F.2d 20 @ 24 (1985) ............................................................................. 16

*Oshiver v. Levin, Fishbein, Sedraw and Berman*, 38 F.3d 1980 @
1387 3d Cir. 1994 ....................................................................... 14

*Pauk v. Board of Trustees of the City of New York*, 654 F.2d
856 @ 859 .................................................................................. 15

*Pearl v. City of Long Beach*, 296 F.3d 96 .................................... 13

*Republican Party of North Carolina v. Martin*, 980 F.2d 943, 552
(4th Cir. 1992) ........................................................................... 18

*Shropshear v. Corporation Counsel of Chicago*, 275 F.3d 593 @
596 7th Cir. 2001 ....................................................................... 13

*Smith v. The People of the State of California*, 361 U.S. 137 (1959) .......... 19

*TS Haulers, Inc. v. Town of Riverhead*, D.C.N.Y. (2002) ............................ 17

*Tuff-Taliban-Lumble Management, Inc. v. Sugarhill Music
Publishing, Inc.*, D.C.N.Y. (1998) ................................................. 17

## OTHER AUTHORITIES

*Joseph McLaughlin Practice, Commentaries NYCPLR Section 201(6)
@ 63 (McKinney 1990)* ............................................................... 15

*Wright and Miller, Federal Practice and Procedure 3rd* (2009) ................. 17

## JURISDICTIONAL STATEMENT

Plaintiff, Edward M. Lilly, filed a complaint on January 2, 2014 (A-4) seeking relief from Defendants' violation of his rights secured by the Civil Rights Acts of 1871, 42 U.S.C. Sections 1983 and 1985 and the rights secured by the First Amendment of the Constitution of the United States as well as rights secured under the Common Law and the Constitution of New York State.

The United States District Court was the proper venue pursuant to 28 U.S.C. Sections 13 and 91(d) because all of the actions complained of took place in the Western District of New York.

The United States Court of Appeals for the Second Circuit is the appropriate Court of Appeals for the United States District Court for Western New York.

This appeal is from a final Decision and Order of the Honorable Richard J. Arcara of the District Court for the Western District of New York dated March 31, 2014. (A-86)

## STATEMENT OF ISSUES PRESENTED FOR REVIEW

Did the District Court apply the right criteria as to when the Plaintiff's claim accrued and if the correct criteria is applied and did the Plaintiff file the Summons and Complaint within the three (3) year statute of limitations pursuant to Sections 1983 and 1985 of Title 42 of the United States Code?

## STATEMENT OF THE CASE

This appeal is filed from the final Decision and Order of the Honorable Judge Richard J. Arcara who issued his Decision and Order on March 31, 2014 and Judgment entered on the same date by the Clerk of the Court. (A-86) That Decision and Order granted Defendant-Appellee's Motion to Dismiss Plaintiff-Appellant's complaint for failure to state a claim based on timeliness. (A-86)

The Plaintiff-Appellant appeals the District Court's Decision and Order in that the Court below misapplied the criteria to when Plaintiff's claim accrued and should have denied Defendants'/Appellees' Motion.

## STATEMENT OF THE FACTS

On December 2, 2009 Melissa D. Murphy filed an incident report by telephone that the Plaintiff was observed in his car, listing his license plate number, type and year of car. (A-18) Ms. Murphy in the incident report states that on December 1, 2009 that she saw the Plaintiff's/Appellant's vehicle stopped at her mailbox putting a fake newspaper into her mailbox. This report was filed with the Town of Lewiston Police Department and the incident report was allegedly filled out by Patrol Person Lauren Passanese Campbell, the Defendant/Appellee in this action. There is no signature of Ms. Murphy as the complainant and the status is marked as pending investigation.

Within a year of the filing of the incident report by Ms. Murphy the Plaintiff/Appellant filed a complaint against Ms. Murphy in New York State Supreme Court in which he alleges that Ms. Murphy filed a false report accusing the Plaintiff/Appellant of littering. (A-21) On January 7, 2011 Ms. Murphy filed a verified answer as to the complaint filed by the Plaintiff/Appellant. (A-25) In that answer Ms. Murphy states that she did not identify the make, model or license plate of the vehicle and did not provide such information to the Lewiston Police Department Official

(Lauren Passanese Campbell) and states "At no time did I ever mention the Plaintiff's name or implicate him in the unsolicited delivery of the Vanguard, nor did I state that anybody was littering." (A-26)

That the Plaintiff/Appellant first saw a copy of this report on or about December 15, 2009. (A-27)

It was Plaintiff/Appellant's belief at the time that Lauren Passanese Campbell was functioning in her normal duties as Police Officer for the Town of Lewiston Police Department and taking down information that she received from Melissa D. Murphy. (A-79)

At that time Plaintiff/Appellant had no reason to believe that the Defendant/Appellee, Lauren Passanese Campbell added any information that was not reported by Ms. Murphy in December 2009. (A-79)

That as a result the Plaintiff/Appellant filed a Summons and Complaint against Melissa D. Murphy in Supreme Court, County of Niagara on November 30, 2010, alleging that Ms. Murphy filed a false report, falsely accusing Plaintiff/Appellant of littering. (A-20)

On January 7, 2011 Melissa D. Murphy, the Defendant in that action filed an answer. (A-25)

Ms. Murphy's answer states that she did not identify the make, model or license plate of the vehicle to the Lewiston Police Department. (A-26)

Based upon information and belief that Police Officer, who Ms. Murphy reported the information, was Defendant/Appellee, Lauren Passanese Campbell. (A-18)

In her answer, Ms. Murphy does not identify the Plaintiff/Appellant, Edward Lilly, as the person in the car and states "At no point in time did I ever mention the Plaintiff's name or implicate him in the unsolicited delivery of the Vanguard, nor did I state that anybody was littering." (A-26)

In Ms. Murphy's answer in paragraph 11 she states "I also advised the Town that I wish to remain anonymous. I never filed a police report as alleged by Mr. Lilly. The first time I ever saw the report was when I was served with the Plaintiff's complaint." (A-27)

That based upon information and belief, the Defendant/Appellee, Lauren Passanese Campbell fabricated, added information and identified Plaintiff/Appellant, Edward Lilly as the suspect in the Murphy incident.

Lauren Passanese Campbell (Defendant/Appellee) had no factual foundation in which to determine that Mr. Lilly (Plaintiff/Appellant) was the alleged perpetrator of the littering charge as alleged in the incident report.

That the animosity between the Defendant/Appellee Lauren Passanese Campbell's husband and the Plaintiff/Appellant are set forth in the complaint in this action in paragraphs 25-69. (Plaintiff's Aff. ¶ 14) (A-9-13 & A-80)

Based solely upon the answer filed by Ms. Murphy in response to Plaintiff/Appellant's lawsuit against her, it was the first time that Plaintiff/Appellant discovered that the Defendant/Appellee Lauren Passanese Campbell was the person who in fact falsified the police report in her role as "Reporting Officer." (A-79-80)

Prior to the answer filed by Ms. Murphy, the Plaintiff/Appellant believed the alleged facts set forth in the incident report were reported by Ms. Murphy by telephone to Lewiston Police Officer, Defendant/Appellee, Lauren Passanese Campbell. (A-80)

That it is Plaintiff/Appellant's belief now that Defendant/Appellee Lauren Passanese Campbell was in fact the person who added information to the report that slandered or libeled Plaintiff/Appellant as well as deprived Plaintiff/Appellant of appropriate Federal and State Statutes. (A-80)

Defendant/Appellee, Lauren Passanese Campbell's concealment of the facts in the incident report, denied Plaintiff/Appellant the opportunity to file a cause of action against Defendants/Appellees, Lauren Passanese Campbell and the Town of Lewiston. (A-80)

That the Plaintiff/Appellant filed a complaint with the United States District Court of the Western District of New York on January 2, 2014

within three (3) years from the date that Ms. Murphy filed her answer in the suit against her. (A-4)

## SUMMARY OF THE ARGUMENT

That the Plaintiff/Appellant filed a complaint with the United States District Court of the Western District of New York on January 2, 2014 (A-4) within three (3) years from the date that Ms. Murphy filed her answer in the suit against her. (A-25) That at no time could the Plaintiff/Appellant know or should have known that Ms. Murphy did not supply the information to complete the incident report that is on file with the Defendant/Appellee Town of Lewiston.  Based upon information and belief, the Defendant/Appellee, Lauren Passanese Campbell completed the information on the incident report and violated Plaintiff/Appellant, Lilly's right with respect to this false report.  Plaintiff/Appellant, Lilly, properly expected the incident report was valid on its face and that the information provided was by the listed Complainant, Melissa D. Murphy.  Only after January 7, 2011 (A-25) did Plaintiff/Appellant have reason to believe that the information in the incident report was filled in by the Defendant/Appellee, Lauren Passanese Campbell and Plaintiff/Appellant, Lilly, commenced a lawsuit

against the Defendants within the appropriate three (3) year statute of

limitations.

### ARGUMENT - POINT #1 - THE CORRECT ACCRUAL DATE TO DETERMINE TIMELINESS IS THE DATE WHEN MS. MURPHY FILED HER ANSWER

"42 U.S.C. Section 1983 provides individuals with a private cause of

action for deprivation of constitutional rights by public officials acting under

the color of law." *Dory v. Ryan,* 999 F.2d 679 @ 681 2d Cir. 1993

The Defendants/Appellee's attorney has quoted *Pearl v. City of Long*

*Beach,* 296 F.3d 96 in the District Court papers (Reply Brief) that the

District Court will apply the New York Statute of three (3) years and that

quoting *Bireline v. Seagondollar,* 567 F.2d 260 @ 263 4th Cir. 1977 that

"We have ruled that accrual occurs when the Plaintiff knows or has reason to

know of the injury which is the basis of his action."

The United States Supreme Court has instructed that in Section 1983

actions, we borrow not only a state's limitations., but also it's "tolling

rules",... *Board of Regents v. Tomanio*, 446 U.S. 478 @ 484-86

The Pearl Court also went on to state that "Because the Supreme

Court wanted Section 1983 actions to be subject to state tolling rules, it

seems likely that both statutory and common law rules are to be borrowed.

See S*hropshear v. Corporation Counsel of Chicago*, 275 F.3d 593 @ 596

7th Cir. 2001

     In a footnote in the Pearl case the Supreme Court stated "The

Supreme Court ruled that in an equitable action based on fraud, where the

ignorance of the fraud has been produced by affirmative acts of the guilty

party in concealing the facts from the other, the statute (of limitations) will

not bar relief, if suit is promptly brought after discovery of the fraud. The

statute does not begin to run until the fraud is discovered" even though there

has been no concealment of the fraud by the other party. Quoting *Bailey v.*

*Glover*, 88 U.S. 342 @ 347-348.  Therefore Courts have subsequently

invoked this doctrine in equitable actions to enforce federal rights.

*Holmberg v. Armbrecht*, 327 U.S. 392 @ 396-397

In the *Oshiver v. Levin*, *Fishbein, Sedraw and Berman*, 38 F.3d 1980 @

1387 3d Cir. 1994 "Regarding discovery rules (actual) as concerned with

Plaintiff's awareness, actual or imputed, of actual injury an equitable tolling

concerning with awareness, actual or imputed of "'the facts supporting the

Plaintiff's case'".  Also see *Forbes v. Eagleson*, 228 F.3d 471 @ 486 3d Cir.

2000

     In *Keating v. Carey*, 706 F.2d 377 @ 382 that Court stated under

federal law "When the defendant fraudulently conceals the wrong, the time

does not begin running until the plaintiff discovers, or by the exercise of reasonable diligence should have discovered, the cause of action" and ruling that New York has adopted "the same equitable estopple doctrine" See *Pearl* 296 F.3d 76 @ 82 2d Cir. 2002

New York appears to use the label "equitable estopple" to cover both the circumstances "where the defendant conceals from the plaintiff that fact that he has a cause of action..." *Joseph McLaughlin Practice, Commentaries NYCPLR Section 201(6) @ 63 (McKinney 1990)* The Second Circuit in 1983 in *Keating v. Carey* under the doctrine of equitable estopple applies "when the defendant fraudulently concealed the wrong, the time does not begin running until plaintiff discovers or by the exercise of reasonable diligence should have discovered, the cause of action." @ 382

"Under the equitable estopple doctrine, a defendant's deliberate concealment tolls the statute. This effectively extends the limitation period by the length of the time it would take a reasonable diligent plaintiff to discover his cause of action"...."the plaintiff need only show that defendant's concealment excused his delay and tolled the statute" *Keating p. 381*

The Courts have also held that although state law determines the three (3) year period of limitation, federal law determines when the claim arises. *Pauk v. Board of Trustees of the City of New York*, 654 F.2d 856 @ 859.

Federal courts applied this doctrine "...to federal causes of action at law other than fraud." *Dinalb* 52 F.3d 1158...and to claims of police misconduct brought under ....Section 1983." See *Bell v. City of Milwaukee*, 746 F.2d 1205 228-234, 7th Cir. 1984 Also in *Bell* the Court stated "The plaintiff's family lacks specific, first hand information about what had occurred. They were aware of the death, but not of the facts that made the death actionable." @ 1228. Plaintiff Lilly believed that a complaint was filed by Murphy. (A-78-80) Lilly was not aware that it was Campbell and not Ms. Murphy who had identified Plaintiff Lilly as the violator. (A-79) Finally the 2d Cir. in *Miller v. International Telephone and Telegraph Corporation*, 755 F.2d 20, @ 24 (1985) "applied the equitable tolling doctrine as a matter of fairness where a plaintiff has been prevented in some extraordinary way from exercising his rights."

It is clear in this particular case that the Defendant/Appellee, Lauren Passanese Campbell, inserted information into the police incident report that was not provided by Ms. Murphy. (A-78-80) That it was only when Ms. Murphy filed her answer, did the Plaintiff/Appellant suspect that Officer Campbell was in fact the person who falsified the report by filling in information. (A-79) The fraudulent act of Defendant/Appellee Officer Campbell should delay the application of the statute of limitations and it

should be tolled for the above reasons and that the three (3) year statute

should start on January 7, 2011, the date that Ms. Murphy filed her answer.

(A-25) Using that date it is clear that the Plaintiff/Appellant has filed within

three (3) years of his knowledge of the cause of action against the

Defendants/Appellees.

## ARGUMENT - POINT #2 - THE PLAINTIFF/APPELLANT HAS STATED A CAUSE OF ACTION

Wright & Miller Federal Practice & Procedures 3rd stated  "On a Rule

12(b)(6) Motion, it is not the Court's function to weigh the evidence that

might be presented at trial; instead the Court must merely determine whether

the complaint itself is legally sufficient.  *TS Haulers, Inc. v. Town of*

*Riverhead,* D.C.N.Y. (2002).  Furthermore in *Tuff-Taliban-Lumble*

*Management, Inc. v. Sugarhill Music Publishing, Inc.* D.C.N.Y. (1998) the

Court stated that; "The Court's task is to assess the legal feasibility of the

complaint, not assay the weight of the evidence that might be ordered in

support thereof."

"A complaint should not be dismissed for failure to state a claim

unless it appears beyond doubt that the plaintiff can prove no set of facts in

support of his claim which would entitle him to relief"  *Conley v. Gibson*,

355 U.S.41 @ 45-46 (1957)  We must assume that the allegations of the

complaint are true and construe them in light most favorable to the plaintiff.

*Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969)

A motion to dismiss under Rule 12(b)(6) both is viewed with disfavor

and is rarely granted.  *Keyser Aluminum & Chemical Sales v. Avondale*

*Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982)

Twombly called for a flexible plausibility standard which applies a

pleader to amplify a claim with some factual allegations and those contexts

where such amplification is needed to render the claim plausible.  *Twombly*

*@ 557-558* "A motion to dismiss under Rule 12(b)(6) tests the sufficiency of

the complaint; importantly, it does not resolve contests surrounding the

facts, the merits of a claim or the applicability of defenses.  *Republican*

*Party of North Carolina v. Martin 980 F.2d 943,* 552(4th Cir. 1992

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must

contain a "short and plain statement of the claim showing that the pleader is

entitled to relief"...detailed factual allegations are not required.  *Bell Atlantic*

*Corp. v. Twombly*, 550 US544 @, 555 (2007) but the rule does call for

sufficient factual matter, accepted as true, to state a claim to relief that is

plausible on its face.  Ibid @ 570.  A claim has facial plausibility when the

pleaded factual content allows the Court to draw a reasonable inference that

the defendant is liable for the misconduct alleged.  Ibid @ 556.  *Ashcroft v. Iqual*, 556 U.S. 662 (2009)

The United States Constitution Amendment 1 states that our freedoms of speech and press, religion and association are written in the term liberty as protected by the due process clause of the 14th Amendment against invasion by the states. American Jurisprudence 2d. Constitutional Law 2d Edition Volume 16A 2009.  The right of privacy is implicit in the conception of liberty guaranteed by the U.S. Constitution Amendment 14 Section 1. *Smith v. The People of the State of California*, 361 U.S. 137 (1959)  The security of one's privacy against arbitrary intrusion by the police is implicit in the concept by ordered liberty and, as such, enforceable against the states through the due process clause of the 14th Amendment. *Elkins v. U.S.* 264 U.S. 206 (1951)  The enjoyment of private reputation on unassailed is a right entitled to the protection of the law and of the constitution as much as other rights  of life, liberty or property. *Harrison v. Nashville Trust Company,* 128 Ten. 573.

The fact that the actions of the defendants/appellees placed a stigma on the reputation of the plaintiff/appellant permits the plaintiff/appellant under a court's stigma plus theory, where the plaintiff/appellant shows that

there was a violation of his liberty, interest and reputation under due process clause.  *Gram v. City of Philadelphia*, 402 F.3d 139 (3d Cir. 2005)

Referencing 42 U.S.C. Section 1985 (3) provides for rights that the Plaintiff was denied by the actions of the Defendant's/Appellee's acting in concert. Exhibit "A" of the Complaint alleges criminal conduct by the Plaintiff/Appellant and the reporting officer is Defendant/Appellee, Patrol Person Lauren Campbell and the status of the incident report is "pending investigation" by Defendant/Appellee Town of Lewiston Police Department.

This Court should find that Plaintiff/Appellant's Complaint did state a set of facts that are legally sufficient and the Plaintiff/Appellant is entitle to relief.  Therefore the Defendant/Appellee's Motion to Dismiss should be denied.

## CONCLUSION

For all of the above reasons, the Plaintiff-Appellant requests this Court to overturn the District Court Decision and Order to grant the Defendant/Appellee's Motion to Dismiss for not timely filing his Complaint.


Dated:        June 26, 2014
              Buffalo, New York

Respectfully submitted,

s/Richard H. Wyssling
Richard H. Wyssling, Esq.
Attorney for Plaintiff-Appellant
375 Linwood Avenue
Buffalo, New York 14209
(716) 882-2244
wyssmont@wzrd.com

STATE OF NEW YORK        )

                          )            ss.:          **AFFIDAVIT OF**

COUNTY OF NEW YORK   )                            **CM/ECF SERVICE**


   I, Kersuze Morancy, being duly sworn, depose and say that deponent is not a party to the action, is over 18 years of age.

   **On June 30, 2014**

deponent served the within: **Brief for Plaintiff-Appellant**

   **upon:**


**Sugarman Law Firm LLP**
**Attorneys for Defendants-Appellees**
**211 West Jefferson Street**
**Syracuse, New York 13202**
**(315) 474-2943**


via the CM/ECF Case Filing System. All counsel of record in this case are registered CM/ECF users. Filing and service were performed by direction of counsel.


**Sworn to before me on June 30, 2014**


**s/Maria Maisonet**                          **s/Kersuze Morancy**
  **MARIA MAISONET**
 Notary Public State of New York
  No. 01MA6204360
  Qualified in Queens County
Commission Expires Apr. 20, 2017      **Job # 254126**