# 14-1448-cv

## United States Court of Appeals

### for the

## Second Circuit

EDWARD LILLY,

*Plaintiff/Appellant,*

-v.-

TOWN OF LEWISTON, LAUREN PASSANESE CAMPBELL,
in her Individual and Official Capacity of a Police Officer
in the Lewiston Police Department, AKA Lauren Campbell,

*Defendants/Appellees,*

ON APPEAL FROM NO. 14-CV-0001A IN THE UNITED STATES
DISTRICT COURT FOR THE WESTERN DISTRICT OF NEW YORK
HONORABLE RICHARD J. ARCARA PRESIDING

## BRIEF OF DEFENDANTS/APPELLEES

Jenna W. Klucsik, Esq.
**SUGARMAN LAW FIRM, LLP**
*Attorneys for Defendants/Appellees*
211 West Jefferson Street
Syracuse, New York 13202
(315) 474-2943

# TABLE OF CONTENTS

Page

STATEMENT OF THE ISSUES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

LEGAL ARGUMENT

    **POINT I**

    ALL OF THE PLAINTIFF'S PURPORTED CAUSES OF ACTION
    ARE BARRED BY THE STATUTE OF LIMITATIONS . . . . . . . . . . . . . . 8

    A.    The Plaintiff's Claims Accrued More Than Three Years Before
        He Commenced This Action . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

    B.    The Statute of Limitations Should Not Be Equitably Tolled . . . . . . 16

    **POINT II**

    THE PLAINTIFF'S COMPLAINT FAILS TO STATE A
    CLAIM UPON WHICH RELIEF CAN BE GRANTED . . . . . . . . . . . . . . 19

    A.    The Federal Pleading Standard . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

    B.    The Plaintiff's Complaint Fails to State a Claim For
        Deprivation of Rights Pursuant to 42 U.S.C. § 1983 . . . . . . . . . . . 21

    C.    The Plaintiff's Complaint Fails to State a Claim Pursuant
        to 42 U.S.C. § 1985 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

    D.    The Plaintiff's Complaint Fails to State a Claim for First
        Amendment Retaliation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

i

E.    The Plaintiff's Complaint Fails to State a Claim
      Against the Town . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

# TABLE OF AUTHORITIES

Page

**CASES**

STATE

Coe v. Town of Conklin,
94 A.D.3d 1197 (3d Dept. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

FEDERAL

Albright v. Oliver,
510 U.S. 266 (1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

Ashcroft v. Iqbal,
556 U.S. 662 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20-22

Bailey v. Glover,
88 U.S. 342 (1874) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Baker v. McCollan,
443 U.S. 137 (1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

Bell Atlantic Corp. v. Twombly,
550 U.S. 544 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20, 21

Brown v. City of Oneonta,
221 F.3d 329 (2d Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

City of Pontiac Gen. Emps.' Ret. Sys. v. MBIA, Inc.,
637 F.3d 169 (2d Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

Clissuras v. City Univ. of N.Y.,
90 F. App'x 566 (2d Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Conley v. Gibson,
355 U.S. 41 (1957) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

Corcoran v. New York Power Auth.,
202 F.3d 530 (2d Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Cornwell v. Robinson,
23 F.3d 694 (2d Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Corona Realty Holding, LLC v. Town of N. Hempstead,
382 F. App'x 70 (2d Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Dingle v. Bimbo Bakeries USA/Entenman's,
2014 U.S. Dist. LEXIS 33164 (E.D.N.Y. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Dorsett v. County of Nassau,
732 F.3d 157 (2d Cir. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

Goldstein v. Pataki,
516 F.3d 50 (2d Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

Graham v. City of Philadelphia,
402 F.3d 139 (3d Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

Guadagni v. New York City Transit Auth.,
2009 U.S. Dist. LEXIS 6054 (E.D.N.Y. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

Guan N. v. New York City Dep't of Educ.,
2013 U.S. Dist. LEXIS 2204 (S.D.N.Y. 2013) . . . . . . . . . . . . . . . . . . . . . . . . 27, 28

Hogan v. Fischer,
738 F.3d 509 (2d Cir. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Housand v. Heiman,
594 F.2d 923 (2d Cir. 1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

Jaghory v. New York State Dep't of Educ.,
131 F.3d 326, 331 (2d Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 15

Koch v. Christie's Int'l PLC,
699 F.3d 141 (2d Cir. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16, 19

Monell v. Department of Social Servs. of the City of N.Y.,
436 U.S. 658 (1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

Pearl v. City of Long Beach,
296 F.3d 76 (2d Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9, 13

Respass v. New York City Police Dep't,
852 F. Supp. 173 (E.D.N.Y. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

Rookard v. Health & Hosps. Corp.,
710 F.2d 41 (2d Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27, 28

Sadallah v. City of Utica,
383 F.3d 34 (2d Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22, 23

Securities & Exch. Comm'n v. Gabelli,
653 F.3d 49 (2d Cir. 2011), *rev'd on other grounds* 133 S. Ct. 1216 (2013) . . . 18

Singh v. Wells,
445 F. App'x 373 (2d Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10, 16, 18

State of New York v. Hendrickson Bros., Inc.,
840 F.2d 1065 (2d Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Valmonte v. Bane,
18 F.3d 992 (2d Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

Veal v. Geraci,
23 F.3d 722 (2d Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 13

Walker v. Jastremski,
430 F.3d 560 (2d Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17, 19

Zherka v. Amicone,
634 F.3d 642 (2d Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

Zherka v. City of N.Y.,
459 F. App'x 10 (2d Cir. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

## STATUTES

<u>FEDERAL</u>

42 U.S.C. § 1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5-8, 21, 25, 27, 28

42 U.S.C. § 1985 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 7, 8, 23-25, 27, 28

42 U.S.C. § 1985(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 24, 25

## REGULATIONS

<u>FEDERAL</u>

Fed. R. Civ. P. 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 20

## STATEMENT OF THE ISSUES

1.     Whether the District Court erred in granting the motion of defendants-appellees Town of Lewiston ("Town") and Lauren Passanese Campbell a/k/a Lauren Campbell ("Officer Campbell") (collectively "defendants") to dismiss the Complaint of plaintiff-appellant Edward M. Lilly ("plaintiff").

No.  The District Court did not err when it granted the defendants' pre-answer motion to dismiss the plaintiff's Complaint because all of the purported causes of action in the Complaint were time-barred and, in any case, the plaintiff failed to state a claim upon which relief can be granted.

## STATEMENT OF THE CASE

### The Plaintiff's Allegations

The plaintiff commenced this action by filing a Summons and Verified Complaint with the District Court on January 2, 2014 (A. 5-45).[1]  In his Complaint, the plaintiff alleges that Officer Campbell completed a false incident report dated December 2, 2009, while she was employed by the Town's Police Department (A. 7).

---

[1] References herein to "(A.___)" are references to the Appendix, which the plaintiff has labeled a "Joint Appendix," even though the defendants never agreed to its contents before this appeal was perfected.  The plaintiff's Appendix omitted several of the exhibits to the copy of the Complaint that was attached to the defendants' motion.  These omitted pages are, however, reproduced elsewhere in the Appendix at pages 20-45, and this brief cites to those pages.

1

The plaintiff attached a copy of the incident report to his Complaint, and the narrative portion of that report reads as follows:

> On the above date and time received a phone complaint from the above complainant [Melissa D. Murphy] regarding littering. The CO stated that on 12/1 at approximately 2040 hrs she was returning to her residence when she noticed the above vehicle stopped at her mail box. CO stopped short of her residence to observe the vehicle bearing NY REG #BXR9589 and see what the two occupants inside were doing. They were putting a fake newspaper (The Vanguard) into her mailbox. The vehicle then proceeded down her street and continued to put these newspapers in her neighbor's mail boxes. CO stopped at her mail box and retrieved the fake newspaper. CO then approached the suspect's vehicle on the driver's side and rolled down her window. CO attempted to return the fake newspaper to the suspect, Lilly, and to tell him to stop delivering it to her residence. The suspect would not roll down his window and drove off. CO would like the incident documented.

(A. 19).

On November 30, 2010, more than three years before he commenced the instant action, the plaintiff had commenced a defamation action against Melissa Murphy, the person identified as the complainant in the incident report, in Niagara County Supreme Court, alleging that Ms. Murphy filed a false report accusing the plaintiff of littering (A. 8, 20-24). The plaintiff attached a copy of his Summons and Complaint against Ms. Murphy as an exhibit to his Complaint in this action (A. 20-

2

24). He also attached a copy of the Answer Ms. Murphy filed with the Niagara County Clerk's Office on January 7, 2011 (A. 25-28). In his Complaint in this case, the plaintiff cites information Ms. Murphy provided in her Answer, and asserts that Officer Campbell completed the incident report and identified the plaintiff as the suspect without Ms. Murphy's authority, and without "any factual foundation to determine that [the plaintiff] was the alleged perpetrator of the littering charge as alleged in the incident report" (A. 8-9).

In his Complaint in this action, the plaintiff also alleges that in December 2009, the same month the incident report at issue was completed, a local newspaper called the Niagara Falls Reporter printed an article written by a Mike Hudson, which "stated that the Plaintiff was the suspect in the littering charge and that the witness wrote down a license number of the vehicle and that the vehicle was owned by the Plaintiff" (A. 13, 44). The plaintiff alleges in his Complaint that this article was "based in part upon the false incident report drafted and filed by" Officer Campbell (A. 13).

The plaintiff also alleges that in March 2011, the Niagara Falls Reporter printed another article by Mike Hudson, which was "again based on the false incident report drafted and filed by" Officer Campbell (A. 13-14, 45). According to the plaintiff's Complaint, this second article stated: "'Back in December 2009, Lilly was identified by a Chicora Road woman as the driver of a car involved in the distribution

of a phony newspaper that engaged in wholesale libel and slander, always anonymously'" (A. 13-14).

Finally, the plaintiff's Complaint alleges that there is "a long term animosity" between him and Ben Campbell, Officer Campbell's husband, who is a State Trooper (A. 9). According to the plaintiff, this alleged animosity, which he describes at length in his Complaint, goes back at least as far as Thanksgiving 2007 (A. 9-13). The plaintiff alleges that he has filed a separate federal lawsuit against Trooper Ben Campbell and that he has filed several complaints against him with Internal Affairs (A. 9, 11). In his Complaint in this case, the plaintiff describes various incidents that he alleges occurred in 2007, 2008, and 2009, and he alleges that because of this animosity, Officer Campbell completed the December 2009 incident report "with malice and forethought and retaliation of Plaintiff's acts as enumerated herein" (A. 9-13). The plaintiff also alleges that on June 2, 2010, he met with Inspector Mark Fischer of the New York State Police to complain about Officer Campbell's husband, and that Inspector Fischer told him that he was going to tell all State Police personnel not to accept any of the plaintiff's calls or complaints (A. 13). The plaintiff also alleges that Inspector Fischer e-mailed him on November 22, 2010, and stated that the State Police was "'not re-opening or investigating any old complaints or any conduct that occurred before June 2nd'" (A. 13).

4

## Procedural History

The plaintiff's Complaint purports to assert four causes of action: (1) deprivation of rights pursuant to 42 U.S.C. § 1983; (2) deprivation of rights pursuant to 42 U.S.C. § 1985; (3) First Amendment retaliation; and (4) respondeat superior liability against the Town (A. 14-16).   In lieu of answering the Complaint, the defendants made a motion to dismiss, arguing that all four purported causes of action were barred by the statute of limitations and that, even if these causes of action were not time-barred, the plaintiff's Complaint failed to state a claim upon which relief can be granted.

In a Decision and Order on March 31, 2014, the District Court granted the defendants' motion to dismiss in its entirety, holding that all of the plaintiff's purported causes of action were barred by a three-year statute of limitations (A. 86-92).  On the same date, a Judgment was entered in favor of the defendants (A. 2).  The plaintiff filed a Notice of Appeal on April 28, 2014 (A. 93).

## SUMMARY OF THE ARGUMENT

The District Court correctly concluded that all four purported causes of action in the plaintiff's Complaint are barred by the three-year statute of limitations that applies in actions brought pursuant to 42 U.S.C. § 1983 and § 1985.  All of the plaintiff's purported causes of action are based exclusively upon the allegation that

Officer Campbell completed and filed a false incident report on December 2, 2009, well more than three years before the plaintiff commenced this action on January 2, 2014. The plaintiff's claims accrued, at the very latest, in November 2010, when he commenced a defamation action against Melissa Murphy and alleged that Officer Campbell's incident report was false. The plaintiff's argument that his claims did not accrue until January 7, 2011, when Ms. Murphy filed her Answer in the New York State Supreme Court defamation action, must be rejected because that argument is based upon a misunderstanding, or a misrepresentation, of Ms. Murphy's Answer, and because even if the plaintiff's characterization of Ms. Murphy's Answer were correct, it would not delay accrual of his claims under the discovery rule. The District Court also correctly concluded that the continuing violation doctrine did not delay accrual of the plaintiff's claims, and that the statute of limitations should not be equitably tolled in this case.

Even if this Court determines that the plaintiff's purported causes of action are not time-barred, they were properly dismissed because the plaintiff's Complaint fails to state a claim upon which relief can be granted. The plaintiff's first cause of action purports to be for a deprivation of rights pursuant to 42 U.S.C. § 1983, but he has not identified any specific federal constitutional or statutory violation that serves as the underlying basis for this cause of action, or pled any facts that, if taken as true, would

6

permit a reasonable inference that the defendants deprived him of any federally-protected rights. The plaintiff's second purported cause of action fails to state a claim upon which relief can be granted because, although he claims that he intends to proceed pursuant to § 1985(3), he has not pled any facts to support the existence of a conspiracy, let alone pled a conspiracy with the requisite degree of particularity, and he has not alleged that the defendants' alleged actions were motivated by some race or class-based discriminatory animus. With respect to the plaintiff's third purported cause of action, which alleges First Amendment retaliation, the plaintiff himself alleges that Officer Campbell had a legitimate non-retaliatory motivation for completing the incident report, and the plaintiff has not alleged that he suffered any injury as a result of the alleged retaliation. Finally, the plaintiff's fourth cause of action, which purports to assert respondeat superior liability against the Town, fails because it is well-established that a municipality cannot be held liable pursuant to 42 U.S.C. § 1983 or § 1985 by application of the doctrine of respondeat superior.

## LEGAL ARGUMENT

This Court reviews de novo a District Court's grant of a defendant's motion to dismiss. City of Pontiac Gen. Emps.' Ret. Sys. v. MBIA, Inc., 637 F.3d 169, 173 (2d Cir. 2011). This Court accepts all of the factual allegations in the plaintiff's Complaint as true, and draws all reasonable inferences in favor of the plaintiff. Id.

The District Court's legal conclusions, which includes its interpretation and application of statutes of limitations, are also reviewed by this Court de novo.  Id.

As set forth below, the District Court correctly held that all four of the plaintiff's purported causes of action were barred by the three-year statute of limitations that applies to actions brought pursuant to 42 U.S.C. § 1983 and § 1985. Even if, however, the plaintiff's purported causes of action were not time-barred, they were properly dismissed because the plaintiff's Complaint fails to state a claim upon which relief can be granted.

**POINT I**

**ALL OF THE PLAINTIFF'S PURPORTED CAUSES OF ACTION ARE BARRED BY THE STATUTE OF LIMITATIONS**

An action brought pursuant to 42 U.S.C. § 1983 or § 1985 that is filed in a District Court in New York is subject to a three-year statute of limitations.  See Hogan v. Fischer, 738 F.3d 509, 517 (2d Cir. 2013); Clissuras v. City Univ. of N.Y., 90 F. App'x 566, 567 (2d Cir. 2004); Pearl v. City of Long Beach, 296 F.3d 76, 79 (2d Cir. 2002).  The plaintiff in this case has never disputed that this three-year statute of limitations applies to all four of the purported causes of action in his Complaint.[2]

---

[2]  The first and second purported causes of action are brought pursuant to 42 U.S.C. § 1983 and § 1985.  Although the Complaint does not so specify, the plaintiff's third purported cause of action, for First Amendment retaliation, had to be brought pursuant to 42 U.S.C. § 1983.  To the extent the plaintiff's fourth cause

8

As set forth below, the plaintiff's Complaint was properly dismissed because he commenced this action more than three years after his claims accrued and, contrary to the plaintiff's contention otherwise, the doctrine of equitable estoppel did not require denial of the defendants' motion.

## A.

### The Plaintiff's Claims Accrued More Than Three Years Before He Commenced This Action

Federal law determines when a claim accrues. See Pearl, 296 F.3d at 80. Pursuant to the federal "discovery rule," a claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of his action." Id. (quotation marks omitted). Put another way, "a claim will accrue when the plaintiff knows, or should know, enough of the critical facts of injury and causation to protect himself by seeking legal advice." See Singh v. Wells, 445 F. App'x 373, 377 (2d Cir. 2011). The discovery rule does not, however, mean that the statute of limitations "does not begin to run until the claimant has received judicial verification that the defendants' acts were wrongful." See Veal v. Geraci, 23 F.3d 722, 724 (2d Cir. 1994). Nor does

---

of action, which purports to assert "respondeat superior" liability against the Town, is viable (which the defendants contend it is not), the Town's liability is alleged to be purely derivative.

the plaintiff need to have "compelling proof of the validity of his claim" for his claim to accrue.  See Singh, 445 F. App'x at 377 (quotation marks omitted).

In this case, all of the purported causes of action in the plaintiff's Complaint are based exclusively upon the allegation that Officer Campbell completed and filed a false incident report on December 2, 2009, well more than three years before the plaintiff commenced this action on January 2, 2014.  The plaintiff has not alleged any conduct by either Officer Campbell or the Town that occurred after December 2, 2009, or within the three-year period before this action was commenced.

Instead, the plaintiff argues that until January 7, 2011, when Ms. Murphy filed her Answer in the defamation action he brought against her in New York State Supreme Court, he believed that Officer Campbell was "functioning in her normal duties."  He argues that it was only when Ms. Murphy filed her Answer that he learned that Officer Campbell had "fabricated [and] added" information to the incident report. See Plaintiff's Brief, pp. 7-10, 15-16.  Although it is unclear whether the plaintiff is using these allegations to argue that they delayed accrual of his claims under the discovery rule, or to argue that he is entitled to equitable tolling, in either case, his argument must be rejected.

As an initial matter, the plaintiff's argument is based upon a significant misunderstanding or misrepresentation of Ms. Murphy's Answer.  The plaintiff's

entire argument is premised upon his assertion that, in her Answer, Ms. Murphy "state[d] that she did not identify the make, model or license plate of the vehicle and did not provide such information to [Officer Campbell]." See Plaintiff's Brief, pp. 7-9. The plaintiff argues that since Ms. Murphy did not offer any information about the vehicle, Officer Campbell must have "added" or "fabricated" information that identified him as a suspect. See Plaintiff's Brief, pp. 9-10. The plaintiff's characterization of Ms. Murphy's Answer is, however, patently incorrect. In her Answer, Ms. Murphy did not deny identifying the make, model, or license plate of the vehicle. Instead, she stated:

> 9. When I spoke to the police I merely stated what I had observed the night before regarding the car at the end of my driveway and its continuation down the street and that the Vanguard was placed in my mailbox without my consent. **I was asked to provide the make, model and license plate number of the vehicle.**

> 10. At no point in time did I ever mention the plaintiff's name or implicate him in the unsolicited delivery of the Vanguard, nor did I state that anybody was littering.

(A. 26) (emphasis added). The incident report indicates that Ms. Murphy did, in fact, provide information about the vehicle in response to Officer Campbell's request:

> [Ms. Murphy] stopped short of her residence to observe the vehicle bearing NY REG #BXR9589 and see what the two occupants inside were doing. They were putting a fake newspaper (The Vanguard) into her mailbox.

11

(A. 19). Based upon these documents, the District Court correctly found that Ms. Murphy gave Officer Campbell the license plate number of the vehicle she saw delivering The Vanguard, and that Officer Campbell used the license plate number to obtain information that identified the vehicle, and filled out the incident report naming the plaintiff as a suspect (A. 86-87).[3] Therefore, the plaintiff's statute of limitations argument is based upon a misunderstanding or misrepresentation of Ms. Murphy's Answer, and must be rejected.[4]

Even if, however, the plaintiff's characterization of Ms. Murphy's Answer were correct, it would not delay accrual of his claims under the discovery rule. As the

_____

[3] Notably, the article published in the Niagara Falls Reporter in December 2009, which is attached as an exhibit to the plaintiff's Complaint, stated: "The sight of two grown men speeding away from an outraged woman had to be one for the books, but amid her peals of laughter she had the presence of mind to get the car's license plate number. She went inside and wrote it down and filed a police complaint about the incident" (A. 44).

[4] In opposition to the defendants' motion to dismiss, the plaintiff offered an affidavit with various exhibits, in which he claimed that he learned that Officer Campbell had "fabricated" and "added" information to the incident report when he received Ms. Murphy's Answer in January 2011 (A. 78-85). The defendants' motion, however, was made pursuant to Fed. R. Civ. P. 12(b)(6) and was based exclusively on the pleadings. Neither of the parties asked the District Court to convert the motion into one for summary judgment, and the District Court never did so. The defendants respectfully urge this Court not to consider the plaintiff's affidavit which, in any case, did nothing to advance his contention that his causes of action are not time-barred.

12

District Court correctly noted, the discovery rule does not require the plaintiff to have received "judicial verification" of a legal theory of recovery (A. 90). See Veal, 23 F.3d at 724. Instead, a claim accrues when the plaintiff should have reasonably known of the injuries that form the basis of his claims (A. 90). See Pearl, 296 F.3d at 80. In this case, the plaintiff alleges that in December 2009, the very same month that Officer Campbell created the incident report, the Niagara Falls Reporter published an article that identified him as the suspect in the littering charge, which the plaintiff claims "was based in part upon the false incident report" (A. 13). Even if it cannot be inferred that the plaintiff actually read this article when it was published in December 2009, the plaintiff's claims certainly accrued no later than November 2010, when he commenced a defamation action against Melissa Murphy in New York State Supreme Court, alleging that Officer Campbell's incident report was false. As the District Court noted, by the time he commenced this defamation action against Ms. Murphy in November 2010, the plaintiff "certainly had reason to suspect the Incident Report was false" (A. 90). In addition, the plaintiff undoubtedly had possession of a copy of the incident report by November 2010, since he attached it as an exhibit to his complaint against Ms. Murphy (A. 22). Certainly, by November 2010, the plaintiff was also already aware of the alleged "long term animosity" that he claims had existed between him and Officer Campbell's husband since at least

13

2007, and which he claims motivated Officer Campbell to prepare the incident report in retaliation (A. 9). Given the plaintiff's knowledge of all of these facts at least by November 2010, his claims accrued more than three years before he commenced this action on January 2, 2014, and all four purported causes of action in his Complaint are time-barred.

In its Decision and Order, the District Court also considered whether the continuing violation doctrine could have delayed accrual of the plaintiff's claims in this case, based upon the plaintiff's allegation that there was a "long term animosity" between him and Officer Campbell's husband (A. 90-91). The continuing violation doctrine "is an exception to the normal knew-or-should-have-known accrual date if there is evidence of an ongoing discriminatory policy or practice." Corona Realty Holding, LLC v. Town of N. Hempstead, 382 F. App'x 70, 72 (2d Cir. 2010) (quotation marks omitted). In this case, even assuming for purposes of argument only that the plaintiff has sufficiently alleged that there was an "ongoing policy" that could invoke the continuing violation doctrine, that doctrine did not delay accrual of his claims.

Under the continuing violation doctrine, accrual is only delayed "'until the last discriminatory act in furtherance of [the continuous practice and policy of discrimination].'" See Jaghory v. New York State Dep't of Educ., 131 F.3d 326, 331

(2d Cir. 1997) (quoting Cornwell v. Robinson, 23 F.3d 694, 703 (2d Cir. 1994)).

Even reading the plaintiff's Complaint liberally and giving him the benefit of every favorable inference, the last incidents the plaintiff has identified that could possibly be a part of the alleged "long term animosity" between him and Trooper Campbell occurred on June 2, 2010, when the plaintiff alleges he was told by Inspector Mark Fischer of the New York State Police that he was going to tell all State Police personnel not to accept the plaintiff's calls or complaints, or on November 22, 2010, when he alleges that Inspector Fischer sent him an e-mail telling him that the State Police were "'not re-opening or investigating any old complaints or any conduct that occurred before June 2nd'" (A. 13). Both of these alleged incidents are alleged to have occurred well more than three years before the plaintiff commenced this action on January 2, 2014. Therefore, because no part of the alleged misconduct occurred within the three-year period before the plaintiff commenced this action, the continuing violation doctrine did not delay accrual of his claims. See Jaghory, 131 F.3d at 331-32.

Because the plaintiff's claims accrued more than three years before he commenced this action, the District Court correctly determined that his claims were time-barred and dismissed his Complaint in its entirety.

## B.

## The Statute of Limitations Should Not Be Equitably Tolled

In his brief, the plaintiff argues that the allegedly "fraudulent act" of Officer Campbell of allegedly "insert[ing] information into the police incident report that was not provided by Ms. Murphy," entitles him to have the statute of limitations equitably tolled.  See Plaintiff's Brief, pp. 12-16.  The District Court, however, correctly concluded that the statute of limitations should not be equitably tolled in this case.

A statute of limitations may be equitably tolled by a defendant's fraudulent concealment if the plaintiff establishes that:

> (1) the defendant wrongfully concealed material facts relating to the defendant's wrongdoing; (2) the concealment prevented plaintiff's discovery of the nature of the claim within the limitations period; and (3) plaintiff exercised due diligence in pursuing the discovery of the claim during the period plaintiff seeks to have tolled.

See Koch v. Christie's Int'l PLC, 699 F.3d 141, 157 (2d Cir. 2012) (quotation marks omitted); see also Corcoran v. New York Power Auth., 202 F.3d 530, 543 (2d Cir. 1999).  "To allege fraudulent concealment, a plaintiff must either plausibly allege 'that the defendant took affirmative steps to prevent the plaintiff's discovery of his claim or injury or that the wrong itself was of such a nature as to be self-concealing.'" Singh, 445 F. App'x at 378 (quoting State of New York v. Hendrickson Bros., Inc.,

16

840 F.2d 1065, 1083 (2d Cir. 1998)).  Equitable tolling only applies in "rare and exceptional circumstances" where the court determines that "extraordinary circumstances prevented a party from timely performing a required act, and that the party acted with reasonable diligence throughout the period he [sought] to toll." Walker v. Jastremski, 430 F.3d 560, 564 (2d Cir. 2005) (quotation marks omitted) (alteration in original).

In this case, the plaintiff has not alleged any facts from which a court could conclude that he is entitled to equitable tolling.  See, e.g., Dingle v. Bimbo Bakeries USA/Entenman's, 2014 U.S. Dist. LEXIS 33164, *18-20 (E.D.N.Y. 2014).  The plaintiff has not alleged any act of concealment by the defendants, let alone an act of fraudulent or wrongful concealment.  The only act by any of the defendants that the plaintiff has identified that has anything to do with his claims is Officer Campbell's preparation of the incident report in December 2009.  The plaintiff has not, however, alleged that this incident report, which was a public record, was concealed in any way.  In fact, based upon the plaintiff's own allegations, the incident report was the basis of an article in the Niagara Falls Reporter in December 2009, the same month it was prepared.  Further, the plaintiff himself had clearly obtained a copy of the incident report as of November 2010 at the latest, when he commenced his

defamation action against Ms. Murphy and attached the incident report as an exhibit to his Complaint.[5]

To the extent the plaintiff is claiming that Officer Campbell engaged in "fraudulent" conduct when she prepared the incident report and that she "fabricated [and] added" information to the incident report that was not provided by Ms. Murphy, that argument is inherently flawed, and is based on a misunderstanding, or a misrepresentation, of Ms. Murphy's Answer, as set forth in Point I(A) above. In any case, even assuming that the plaintiff's characterization of Ms. Murphy's Answer were correct, that would not entitle the plaintiff to equitable tolling. The plaintiff has never alleged that Officer Campbell took any affirmative steps beyond completing the incident report to conceal any allegedly wrongful activity. See Singh, 445 F. App'x at 378; see also Securities & Exch. Comm'n v. Gabelli, 653 F.3d 49, 59-60 (2d Cir. 2011), *rev'd on other grounds* 133 S. Ct. 1216 (2013) (stating that "the fraudulent concealment doctrine may be used to toll the limitations period for non-fraud claims where the plaintiff is able to establish that the defendant took affirmative steps

_____

[5] The plaintiff appears to be citing Bailey v. Glover, 88 U.S. 342 (1874), for the proposition that active concealment is not required for the statute of limitations to be tolled. See Plaintiff's Brief, p. 13. Bailey, however, is inapplicable, because the underlying claim in Bailey was for fraud, which is not the case here.

beyond the allegedly wrongful activity itself to conceal her activity from the plaintiff").

Given the knowledge the plaintiff claims to have had, as alleged in his own Complaint, the District Court correctly concluded that there is no reason the plaintiff could not have filed a timely action if he had acted with reasonable diligence. See Koch, 699 F.3d at 157. This is simply not a "rare and exceptional" case where it would be appropriate to apply equitable estoppel. See Walker, 430 F.3d at 564. The defendants' motion to dismiss was, therefore, properly granted.

## POINT II

## THE PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Even if this Court determines that the plaintiff's purported causes of action are not barred by the statute of limitations, this Court should affirm the District Court's Judgment because the plaintiff's Complaint fails to state a claim upon which relief can be granted.

### A.

### The Federal Pleading Standard

In his brief, the plaintiff cites the "no-set-of-facts" test of Conley v. Gibson, 355 U.S. 41 (1957). That test, however, was "disavowed" by the Supreme Court in

Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009), and is not the proper standard for analyzing the sufficiency of a complaint when a defendant makes a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). See Goldstein v. Pataki, 516 F.3d 50, 56 (2d Cir. 2008). For a complaint to survive such a motion to dismiss, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. This "plausibility standard" requires "more than a sheer possibility that a defendant has acted unlawfully." Id. If the complaint "pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557).

In this case, even if this Court determines that the plaintiff's purported causes of action are not time-barred, the District Court correctly dismissed his Complaint because he failed to state a claim upon which relief can be granted.

## B.

### The Plaintiff's Complaint Fails to State a Claim For Deprivation of Rights Pursuant to 42 U.S.C. § 1983

The plaintiff's first cause of action purports to be for a deprivation of rights pursuant to 42 U.S.C. § 1983. Section 1983, however, is not a source of substantive rights. See Albright v. Oliver, 510 U.S. 266, 271 (1994). Instead, § 1983 "merely provides 'a method for vindicating federal rights elsewhere conferred.'" Id. (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)). "The first step in any such claim is to identify the specific constitutional right allegedly infringed." Albright, 510 U.S. at 271. The plaintiff's Complaint does not, however, identify any specific federal constitutional or statutory violation that serves as the underlying basis for his first purported cause of action, or plead any facts that, if taken as true, would permit a reasonable inference that the defendants deprived him of any federally-protected rights for purposes of his first purported cause of action. See Iqbal, 556 U.S. 662; Twombly, 550 U.S. 544. Further, the conduct that underlies the plaintiff's first purported cause of action (i.e., completing and filing what the plaintiff claims was a false incident report) would not violate any of the plaintiff's federal constitutional or

statutory rights. The plaintiff's first purported cause of action was, therefore, properly dismissed.[6]

To the extent the plaintiff's arguments in opposition to the defendants' motion and in his brief to this Court can be construed as asserting that his right to due process has been violated and that he has a "stigma plus" claim, the plaintiff did not plead any such cause of action in his Complaint. In any case, the plaintiff has not alleged sufficient facts to give rise to a plausible "stigma plus" claim. See Iqbal, 556 U.S. at 678. "To prevail on a 'stigma plus' claim, a plaintiff must show (1) the utterance of a statement sufficiently derogatory to injure his or her reputation, that is capable of being proved false, and that he or she claims is false, and (2) a material state-imposed burden or state-imposed alteration of the plaintiff's status or rights." Sadallah v. City of Utica, 383 F.3d 34, 38 (2d Cir. 2004) (quotation marks omitted). The plaintiff in this case has alleged, at most, that he was falsely accused of littering. Even assuming for purposes of argument only that the incident report could constitute defamation, the plaintiff has not alleged any additional state-imposed burden, such as a loss of property or termination of government employment, which is necessary to invoke the

--------------------------------

[6] The plaintiff has not alleged that the preparation of the incident report constitutes defamation. Even if he had, however, a defamation claim would undoubtedly have been time-barred. See Coe v. Town of Conklin, 94 A.D.3d 1197 (3d Dept. 2012).

"stigma plus" doctrine. <u>See</u> <u>id.</u> at 38-39. It is well-established that "the deleterious effects which flow directly from a sullied reputation" are insufficient to establish deprivation of a liberty interest. <u>See</u> <u>Valmonte v. Bane</u>, 18 F.3d 992, 1001 (2d Cir. 1994). The case cited by the plaintiff, <u>Graham v. City of Philadelphia</u>, 402 F.3d 139 (3d Cir. 2005), involved a public employee who was terminated from his employment after being arrested and was subsequently acquitted in a criminal trial, and thus has no application to the facts of this case.

The plaintiff's first purported cause of action was, therefore, properly dismissed.

## C.

### The Plaintiff's Complaint Fails to State a Claim Pursuant to 42 U.S.C. § 1985

The plaintiff's Complaint does not specify which subsection of 42 U.S. § 1985 he intends to rely upon for purposes of his second purported cause of action. Regardless, it is respectfully submitted that § 1985 simply does not apply to the facts of this case, and that the plaintiff's Complaint fails to state a claim upon which relief can be granted pursuant to § 1985.

The first two subsections of § 1985, which concern conspiracies to prevent an officer from performing his duties, and conspiracies to obstruct justice and to

23

intimidate parties, witnesses, and jurors, are inapplicable on the face of the plaintiff's Complaint. See Guadagni v. New York City Transit Auth., 2009 U.S. Dist. LEXIS 6054, *13 (E.D.N.Y. 2009). Based upon his opposition to the defendants' motion and his brief to this Court, the plaintiff appears to intend to assert a claim pursuant to subsection (3) of § 1985. To state a claim pursuant to subsection (3), however, a plaintiff must allege: "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of equal protection of the laws, . . .; (3) an act in furtherance of the conspiracy; (4) whereby a person is . . . deprived of any right of a citizen of the United States." See Brown v. City of Oneonta, 221 F.3d 329, 341 (2d Cir. 1999) (quotation marks omitted). A plaintiff must also allege and prove that the conspiracy was motivated by racial or class-based discriminatory animus. See id.; Housand v. Heiman, 594 F.2d 923, 925 (2d Cir. 1979). A constitutional conspiracy claim pursuant to § 1985 must be pleaded with "at least some degree of particularity." Respass v. New York City Police Dep't, 852 F. Supp. 173, 179 (E.D.N.Y. 1994).

In this case, the plaintiff utterly fails to state a claim pursuant to § 1985(3). In his Complaint, he has not pled any facts to support the existence of a conspiracy, let alone pled a conspiracy with the requisite degree of particularity. He certainly has not alleged that the defendants' alleged actions were motivated by some race or class-

based discriminatory animus, as required for a § 1985(3) claim.  All the plaintiff has

offered is a vague allegation, in his opposition to the defendants' motion and in his

brief to this Court, that § 1985(3) "provides for rights that [he] was denied by the

actions of the Defendant's/Appellee's [*sic*] acting in concert," and the irrelevant fact

that the status of the incident report was listed as "pending investigation."

See Plaintiff's Brief, p. 19.  This is clearly insufficient to state a claim pursuant to §

1985, and the plaintiff's second purported cause of action was properly dismissed.[7]

### D.

### The Plaintiff's Complaint Fails to State a
### Claim for First Amendment Retaliation

The plaintiff's third cause of action purports to allege First Amendment

retaliation.   Specifically, he alleges that Officer Campbell drafted and filed the

incident report to retaliate against him for his criticism of her and his complaints

about her husband.  Although the Complaint does not so state, this cause of action is

presumably asserted pursuant to 42 U.S.C. § 1983.  To plead a First Amendment

retaliation claim, a plaintiff must allege: "(1) he has a right protected by the First

Amendment; (2) the defendant's actions were motivated or substantially caused by

---

[7] The plaintiff's second purported cause of action also makes a reference to
the First Amendment (A. 15).  The plaintiff's claim that his First Amendment
rights were violated is addressed in Point II(D) below.

his exercise of that right; and (3) the defendant's actions caused him some injury."
See Dorsett v. County of Nassau, 732 F.3d 157, 160 (2d Cir. 2013). The plaintiff's
Complaint fails to state a claim upon which relief can be granted for First Amendment
retaliation.

First, the plaintiff himself alleges that Officer Campbell had a legitimate non-
retaliatory motivation for completing the incident report. The plaintiff has attached
Melissa Murphy's Answer to his Complaint, and in that Answer, Ms. Murphy states
that she did contact the Town's Police Department to report that she observed a
vehicle at the end of her driveway, and that a copy of The Vanguard was placed in her
mailbox without her consent (A. 25-26).

Second, the plaintiff has not alleged that he suffered any injury as a result of
the alleged retaliation. A plaintiff will only have standing to make a First
Amendment retaliation claim if his speech was actually chilled by the alleged
retaliation, or if he suffered some other concrete harm. See id.; see also Zherka v.
Amicone, 634 F.3d 642 (2d Cir. 2011). "Hurt feelings or a bruised ego are not by
themselves the stuff of constitutional tort." Zherka, 634 F.3d at 645-46. In this case,
the plaintiff has not alleged any concrete or tangible harm, but rather, simply claims,
in a conclusory fashion, that as a result of the alleged retaliation, he "was subject to
serious harm, pain and suffering and were [sic] otherwise damaged and injured" (A.

26

15).  The plaintiff certainly has not alleged that his speech was actually "chilled."  In fact, he alleges that in June 2010, after the incident report was completed, he complained <u>again</u> about Officer Campbell's husband (A. 13).

The plaintiff did not offer any opposition to these arguments either in opposition to the defendants' motion to dismiss, or in his brief to this Court.  The plaintiff's Complaint has not stated a valid claim for First Amendment retaliation, and his third purported cause of action was properly dismissed.

### E.

### The Plaintiff's Complaint Fails to State a Claim Against the Town

In his fourth purported cause of action, the plaintiff alleges that Officer Campbell's alleged conduct occurred while she was acting in her official capacity as a member of the Town's Police Department, and in and during the course and scope of her duties and functions, and that, as a result, the Town is liable pursuant to the doctrine of respondeat superior (A. 16).  It is well-established, however, that a municipality cannot be held liable pursuant to 42 U.S.C. § 1983 by application of the doctrine of respondeat superior.  <u>See</u> <u>Rookard v. Health & Hosps. Corp.</u>, 710 F.2d 41, 45 (2d Cir. 1983); <u>see also</u> <u>Monell v. Department of Social Servs. of the City of N.Y.</u>, 436 U.S. 658 (1978).  The same is true of a claim pursuant to 42 U.S.C. § 1985.  <u>See</u> <u>Zherka v. City of N.Y.</u>, 459 F. App'x 10 (2d Cir. 2012); <u>see also</u> <u>Guan N. v. New</u>

27

York City Dep't of Educ., 2013 U.S. Dist. LEXIS 2204, *68 (S.D.N.Y. 2013).  A plaintiff who sues a municipality pursuant to § 1983 or § 1985 must establish that the alleged constitutional violation resulted from a municipal policy.  See Rookard, 710 F.3d at 45; Guan N., 2013 U.S. Dist. LEXIS 2204 at *68.  Proof that a municipality employed an alleged tortfeasor is not enough, standing alone, to establish municipal liability.  See Rookard, 710 F.2d at 45.

In this case, all of the plaintiff's purported causes of action are brought pursuant to § 1983 and § 1985.  The plaintiff has not, however, alleged that any of the constitutional violations he allegedly suffered resulted from a municipal policy of the Town.  Instead, the plaintiff has simply alleged that the Town can be held liable pursuant to the doctrine of respondeat superior because Officer Campbell was allegedly employed by, and acting within the scope of her employment with, the Town when she committed the acts that are the basis of the plaintiff's Complaint.  This is insufficient to state a cause of action against the Town pursuant to either § 1983 or § 1985, and the plaintiff has not offered any argument in opposition, either before the District Court, or in his brief to this Court.  Further, since the plaintiff has not alleged any basis for liability against the Town with respect to any of his first three purported causes of action, they also fail to state a claim upon which relief can be granted against the Town.

28

## CONCLUSION

For the foregoing reasons, it is respectfully submitted that the District Court's

Decision and Order dismissing the plaintiff's Complaint was correct, and that the

District Court's Judgment in favor of the defendants should be affirmed.

July 31, 2014

Respectfully submitted,

Jenna W. Klucsik, Esq.
SUGARMAN LAW FIRM, LLP
Attorneys for Defendants-Appellees
211 West Jefferson Street
Syracuse, New York 13202
(315) 474-2943

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Rule 32(a)(7)(C) of the Federal Rules of Appellate Procedure, the

foregoing brief is in <u>14-Point Times New Roman</u> proportional font and contains

6,741 words and thus is in compliance with the type-volume limitation set forth in

Rule 32(a)(7)(C) of the Federal Rules of Appellate Procedure.


Dated: Syracuse, New York
      July 31, 2014

_____
Jenna W. Klucsik, Esq.
**SUGARMAN LAW FIRM, LLP**
*Attorneys for Defendants/Appellees*
211 West Jefferson Street
Syracuse, New York 13202
(315) 474-2943

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

_____

EDWARD M. LILLY

                    Plaintiff/Appellant,

                                                        **CERTIFICATE OF**
                                                        **SERVICE**
              vs.                                       Docket No.: 14-1448

TOWN OF LEWISTON, LAUREN PASSANESE
CAMPBELL, in her Individual Capacity of a Police
Officer in the Lewiston Police Department,
a/k/a LAUREN CAMPBELL,

                    Defendants/Appellees.

_____

        I hereby certify that on July 31, 2014, I electronically filed the foregoing Brief

of Defendants/Appellees dated July 31, 2014, with the Clerk of the United States

Court of Appeals for the Second Circuit using the CM/ECF system, which sent

notification of such filing to the following:


   •   **Richard H. Wyssling, Esq.**
       **wyssmont@wzrd.com, mlyogerst@hotmail.com**


*S/Jenna W. Klucsik, Esq.*
United States Court of Appeals
for the Second Circuit